Willis H. Stephens, Jr., Esq. Informal Opinion Town Attorney No. 98-47 Town of Southeast 3871 Danbury-Brewster Road Route 6 East Brewster, N Y 10509
Dear Mr. Stephens:
You have asked whether a sewage-works corporation organized under the New York Transportation Corporations Law may reorganize as a limited liability company. You note that the Tracy Sewer Works Corporation now provides sewage treatment to two commercial developments within the Town of Southeast. Tracy's counsel has asked the Town to approve its reorganization as a limited liability company. You have advised us that the owners of the two developments served by Tracy also are owners of the corporation and that Tracy does not serve any other customers.
Article 10 of the Transportation Corporations Law was enacted to authorize an alternate means of providing sewer services to areas of the State not served by a municipal sewer district. See, Governor's Approval Memorandum, Bill Jacket, L1960, ch 1067; Op Atty Gen (Inf) No. 95-49. Sewage-works corporations are designed to be limited entities whose authority is prescribed by the Transportation Corporations Law and the scope of the franchise granted by the local governing body under that law. See, 1977 Op Atty Gen (Inf) 117. There is no specific legislative authorization for entities other than sewage-works corporations or municipalities to perform these functions.
Article 10 includes a number of provisions ensuring local government oversight of sewage-works corporations. The relevant local government body must consent to the formation of the corporation and inspect any plans and actual construction it undertakes. Transportation Corporations Law §§ 116, 118. The local government must require the posting of a performance bond for the completion of construction of a sewage-works system and obtain a reasonable guarantee that the corporation will continue to operate the system for at least five years. Id., § 119(1), (2). In addition to making these assurances, the corporation must place its stock in escrow. Title to the stock will pass to the local governing body if the corporation fails to finish construction of the system, or if the corporation abandons or discontinues the operation and maintenance of the system. Id., § 119(3). In our view, these requirements demonstrate the Legislature's intent that only entities formed and operated in this manner may provide private sewage treatment. Also, these legislative controls indicate that once a sewage-works corporation is formed, only the municipality may succeed to ownership of the sewage system if the corporation fails to finish construction or abandons or discontinues operation and maintenance.
Section 201 of the Limited Liability Company Law provides that:
 A limited liability company may be formed under this chapter for any lawful business purpose or purposes except to do in this state any business for which another statute specifically requires some other business entity or natural person to be formed or used for such business.
We conclude that the Town may not approve the reorganization of the Tracy Sewer Works Corporation as a limited liability company. Article 10 of the Transportation Corporations Law specifically requires that sewage-works corporations be formed to supply sewer services to areas not served by a municipal sewer system. There is no specific authorization for other entities to perform this function. The detailed requirements of the statute indicate that the Legislature intended that only corporations formed and operated in the manner set forth in article 10 may provide private sewage treatment. The Limited Liability Company Law precludes formation of a limited liability company when a statute requires another form of business entity for a particular purpose.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
SIOBHAN S. CRARY
Assistant Attorney General